STATE *ex rel.* RAILROAD COMMISSIONERS, *Relators,* v. LIVE OAK, PERRY & GULF RAILROAD COMPANY, *Respondent.*

On Rehearing.

Averments of fact in an answer to an alternative writ of mandamus issued to enforce an order of the Railroad Commissioners should be sufficiently clear, and the facts averred sufficiently strong to overcome the presumption of reasonableness, which obtains in favor of the order under the statute, to present that issue.

Petition for rehearing denied.

*John F. Harrell,* for Petitioner.

PER CURIAM—A petition was filed for a rehearing by Respondent upon the following grounds:

"1. This Honorable Court inadvertently failed to consider and decide one of the chief questions presented by respondent's answer to the alternative writ and insisted upon in respondent's brief, to-wit: the right of relators

370    SUPREME COURT OF FLORIDA.

State ex rel. R. R. Com. v. L. O. P. & G. R. R. Co.—Opinion of Court.

to discriminate against respondent in favor of other short roads where the same or identical service is to be performed under similar conditions.

"2. This Honorable Court failed to draw the distinction between a railroad's being entitled to a net profit from every mile, section or part unto which the road might be divided, and a net profit for a *service* rendered, the question of service only being involved in this case."

The opinion as filed in this case recites in substance the averments of the Respondent's answer and quotes the language of the answer as it refers to the alleged discrimination made by Relators between the Respondent and other short roads. The averment of the answer that Relators had no evidence before them which *justifies* the alleged discrimination we consider was not an issuable averment of fact. If there was any evidence whatever before the Relators on the subject the presumption of reasonableness and justness which obtains in favor of the order, would be supported. The averment of the answer was a mere conclusion of the pleader. He should have stated the facts in his answer sufficient to overcome the presumption of reasonableness which obtains in favor of the order or have averred an absence of any evidence whatever upon the subject if it was designed to present the question which the petition alleges we failed to consider.

As to the second point the opinion distinctly states that it is not necessary to the validity of the order that a profit should be assured from every mile, section or other part into which the road might be divided.

An order of the Railroad Commissioners affecting the transporation of a class of commodities in carload lots cannot be attacked by segergating one item of the commodities included in the order, or computing the costs

incurred and revenue derived from hauling a particular commodity a certain distance and showing that the particular service is unprofitable. The entire traffic in the particular class over the entire line to which the order applies must be considered in order to determine whether the order as made was within the power of the Commissioners.

It is unlike the case where a particular service is required by the order to be performed. The petition for rehearing is, therefore, denied.